Filed 6/8/15  P. v. Sorrell CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DURAND SORRELL,<br><br>        Defendant and Appellant. | B261030<br><br>(Los Angeles County<br>Super. Ct. No. BA427093) |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Jose I. Sandoval, Judge.  Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Durand Sorrell (defendant) appealed from the judgment of conviction. On appeal, appointed counsel for defendant filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting that this court conduct an independent review of the record to determine if there are any issues which if resolved in defendant's favor would require reversal or modification of the judgment or appealable order. On April 8, 2015, we gave notice to defendant that his counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider. Defendant did not file a response brief or letter. After independently reviewing the record, we affirm the judgment.

## BACKGROUND

### A.    Factual Background

Frederic Berger left his home for the evening. Before he left the house, he locked the front door and set the security alarm. Later that evening he received a telephone call from the alarm company advising him that the alarm to his house "was going off." About three to five minutes later, Berger arrived at his house and saw his neighbor, Leslie Walling, at the end of his driveway, and defendant coming out of the house carrying "as much stuff as [he] could carry." Walling also saw defendant coming out of the house carrying several large bags.

Berger approached defendant and asked him why he was taking Berger's property. Defendant responded by stating that he was homeless and just needed clothing. Defendant said that someone else kicked down the door, but admitted that he entered the house. Berger looked into defendant's shopping cart that was located near the house, and found his wife's purse which contained IPads, computers and jewelry. Defendant admitted to Berger that he took those items as well.

2

Shortly thereafter the police arrived at and searched Berger's home. Los Angeles Police Department Officer Brian Jones testified that, based on his training and experience, the front door appeared to have been "kicked in." Officer Jones saw a foot print on the door, which appeared to match the sole of the shoe that defendant was wearing that night. Officer Jones arrested defendant.

Berger conceded at trial that the night of the incident he told the police defendant did not go into his house or take his personal property. He testified that he said that to the police because "a lot [was] happening very fast" and he did not want "to put someone in jail." Berger said, however, that "there was no doubt in my mind that [defendant] had taken [his property;] he admitted as much both to the effects he was carrying and [those] in my wife's purse . . . ."

## B.      Procedural Background

The District Attorney of Los Angeles County filed an information charging defendant with one count of first degree residential burglary in violation of Penal Code section 459. The District Attorney alleged that defendant had served two prior prison terms pursuant to Penal Code section 667.5. Defendant pleaded not guilty and denied the prior conviction allegations. The trial court granted defendant's *Faretta*[1] motion.

Following a trial, the jury found defendant guilty of first degree residential burglary. Defendant admitted the prior conviction allegations.

The trial court sentenced defendant to state prison for a term of six years, consisting of a term of four years on the first degree residential burglary count, and two years for the prison priors. The trial court awarded defendant custody credit, and ordered him to pay various fees, fines and penalties. Defendant filed a timely notice of appeal.

---

[1]      *Faretta v. California* (1975) 422 U.S. 806.

## DISCUSSION

We have made an independent examination of the entire record to determine if there are any other arguable issues on appeal.  Based on that review, we have determined that there are no arguable issues on appeal.  We are therefore satisfied that defendant's counsel has fully complied her responsibilities under *People v. Wende*, *supra*, 25 Cal.3d 436.

## DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, J.


We concur:



TURNER, P. J.



KRIEGLER, J.


4